**Patricia GREEN, et al., Plaintiffs,**

v.

**Billy D. HARBIN, et al., Defendants.**

**Civ. A. No. 82–C–5598–NE.**

United States District Court,
N.D. Alabama,
Northeastern Division.

May 20, 1985.

Thomas G. Keith, Legal Services of North Central Alabama, Huntsville, Ala., and Charles G. Spratling, Jr., Birmingham Area Legal Services, Birmingham, Ala., for plaintiffs.

Charles Graddick, Atty. Gen., Montgomery, Ala., James H. Harris, Charles Driggars, Birmingham, Ala., Robert H. Harris, Decatur, Ala., for defendants.

## MEMORANDUM OF OPINION

CLEMON, District Judge.

On October 15, 1982, plaintiff filed this class action against Alabama's circuit and district court clerks,[1] alleging that the State's garnishment laws are unconstitutional in certain aspects. Specifically, the plaintiff class asserts that the Alabama statutory garnishment scheme fails to provide judgment debtors with adequate notice of their exemption rights and the procedure for claiming exemptions, and that it fails to provide a reasonably prompt procedure for the dissolution of garnishments where exemption rights are claimed by judgment debtors—both in violation of its due process rights under the Fourteenth Amendment to the United States Constitution.

On July 13, 1982, plaintiff moved for certification under Rule 23 of the Federal Rules of Civil Procedure ("FRCP") as both a plaintiff and defendant class action. Counsel for defendant clerks agreed to the certification sought by plaintiff; and on August 31, 1982, the action was certified as a class action.

In their joint Statement of Facts, the parties have agreed to the relevant facts. Plaintiff Patricia Green is an adult resident of Huntsville, (Madison County), Alabama. She is the sole source of support for her two minor children. On August 8, 1980 Avco Financial Services ("Avco") obtained a $381.06 judgment against her in the Madison County Circuit Court, based on her default in the repayment of a consumer loan. The judgment so obtained was without waiver of exemption rights. On March 10, 1982, Avco applied for a writ of garnishment from defendant Billy D. Harbin in his capacity as clerk of the District Court of Madison County; and on the same date, Harbin issued the writ to Central Bank of Alabama, where plaintiff maintained a checking account. Plaintiff's checking account, consisting of approximately $500, was immediately frozen by Central Bank upon its receipt of the writ of garnishment on March 12, 1982.

Plaintiff did not know, and was not given any written notice by anyone, of her exemption rights under Alabama law.[2] Prior to the freezing of her checking account by Central Bank, plaintiff had written several checks on the account. These checks were returned by the bank for insufficient funds; and as a result of the dishonor of one of these checks, plaintiff was arrested and incarcerated for issuing a worthless check.

---

1. A judgment creditor, Avco Financial Services, Inc., was the other original defendant in the case. It was dismissed on the stipulation of the parties.

2. Under Alabama law, personal property, up "to the amount of $3,000.00 in value..." is exempt from levy and sale for the collection of debts.

§ 6–10–6 of the *Code of Alabama of 1975* (as amended 1980). "Personal property", within the meaning of the exemption laws, includes everything that is subject to ownership other than realty or an interest in realty. *Enzor v. Hurt*, 76 Ala. 595 (1884).

On March 19, 1982, after receiving legal advice and assistance from her present counsel, Legal Services of North-Central Alabama, Inc., plaintiff executed and filed a claim of exemption in the District Court; and on the same date, she moved for a stay of the writ of garnishment. The District Court did not hear the motion until nearly a month later—on April 19, 1982. At that time, the writ of garnishment was dissolved and Central Bank was ordered not to release any funds being withheld from plaintiff's checking account due to the garnishment.

As of the time of the filing of this action, no circuit or district court clerks in Alabama provided written notice of exemption rights to judgment debtors in pre-garnishment or post-garnishment proceedings. Not more than one of the district and circuit clerks in the State automatically dissolve a writ of garnishment where a claim of exemption is filed and there is no timely contest of exemptions, in the absence of a court order.

Based on these undisputed facts, the plaintiff class successfully moved for partial summary judgment that the defendants' failure to provide adequate notice of exemption rights of judgment debtors violates the due process clause of the Constitution. The motion was granted on October 5, 1983.

In the last few days of December, 1983, the Court granted plaintiffs' unopposed motion to add a defendant class consisting of all district and circuit judges in Alabama. The state judges were added as FRCP 19 defendants.[3]

Also in December, 1983, Polly Conradi, the Circuit Clerk of Jefferson County, Alabama moved to intervene in the case. She further sought to vacate the certification of the defendant class and to set aside the

order of partial summary judgment. The motion to intervene was granted under FRCP 24(b);[4] the motions to reconsider class certification and partial summary judgment were overruled.

At the time the case was called for trial, counsel for *all* of the main parties (other than intervenor Conradi) announced that they had reached a tentative settlement. They presented the Court with a proposed consent decree shortly thereafter. The Court reviewed the terms of the proposed Consent Decree and tentatively approved it, based on the Court's conditional finding that the decree was fair, reasonable, and adequate. The Court scheduled a hearing on objections to the decree for December 28, 1984.

The only record objections to the decree were filed and made by four state court judges. Their basic objection is that state court judges should not have been included as defendants in this case; and that the certification of the state court judges as a class was improper. They also made certain substantive objections to the content of the proposed decree.

■ Insofar as they contend that state judges are, as a class, beyond the pale of federal jurisdiction in cases challenging the constitutionality of state statutes or policies, their contention must be rejected. See *Lynch v. Baxley*, 386 F.Supp. 378, 385 (M.D.Ala.1974). However, upon consideration, the presence of state court judges in this action is not necessary to accord complete relief between the parties; and principles of comity suggest that they be dismissed from this action. Accordingly, the motion of the four judges to reconsider the certification of the judges as a class will be granted by separate order; and the action will be de-certified as to them. The state

---

**3.** The Rule provides, in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party to the action if (1) in his absence complete relief cannot be accorded among those already parties....

**4.** Intervention was conditioned on the assumption by Ms. Conradi of liability for any attorney's fees incurred by plaintiff's counsel on issues raised solely by Ms. Conradi, should the Court determine that the plaintiff is entitled to a reasonable attorney's fee. This issue shall be determined upon appropriate motion by counsel for the plaintiff class.

court judges will be dismissed from this action, over the objection of the plaintiff class.

The parties have agreed to a modification of the proposed decree in light of three of the four substantive objections. Pursuant to the agreement, the decree will not apply to those garnishments issued to enforce child or spousal judgments. Further, the decree will specify that only the property which is in fact exempt should be discharged where the judgment creditor fails to contest a claim of exemption. Moreover, in the interest of providing the requisite flexibility and discretion in the docketing of court cases, the decree will provide that contests must be *initially scheduled* within 7 calendar days after a contest is filed.

Counsel for the remaining defendant class has argued in chambers that Paragraph Five of the Proposed Consent Decree should be amended to provide that the enactment of any statute or the adoption of any court rule concerning the procedure to be utilized in garnishments will, *ipso facto*, dissolve the injunction to be entered in this case. Finding that the proposed consent decree, with the decertification of the class and dismissal of state court judges and the agreed to modifications, is completely fair, adequate, and reasonable, the Court is without authority to modify the consent decree in the manner suggested by defendant's counsel. Paragraph Five is the result of intense and hard-fought negotiations between counsel for both classes; it embodies the agreement of the parties. In the absence of unfairness, inadequacy, or unreasonableness, the Court is powerless to grant the defendant class now what it was unable to achieve in negotiations. *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1172 (5th Cir.1978); *Cotton v. Hinton*, 559 F.2d 1326, 1331–32 (5th Cir.1977). Significantly the defendant class has voiced no objection whatever to the Court concerning the provision now complained of.

The defenses of intervenor Conradi are now under submission to the Court on a Trial Stipulation.

■ Defendant Conradi's position is simple and straightforward: "due process does not require notification of 'basic' exemption rights (or any other exemption rights) in the context of post-judgment garnishments."[5]

At the time a writ of garnishment is issued by the clerk, of the Jefferson County Circuit or District Court, the judgment debtor (if a resident of Alabama) is served with a copy of notice of the Process of Garnishment which is served on the garnishee. This notice does not once mention exemption rights.

After the circuit and district clerks in Jefferson County became aware that this Court had issued a partial summary judgment holding that the Alabama garnishment scheme is unconstitutional in part, they implemented a policy of providing judgment debtors with an additional document entitled, "Notice to Defendant-Exemption Rights." This "notice" basically informs the judgment debtor that he/she may have exemption rights which may be claimed, and it advises the debtor to contact a lawyer for further explanation; and it advises the debtor of the procedure for claiming an exemption.

If a judgment debtor files a claim of exemption in the District Court of Jefferson County, the judgment creditor must file a contest of the claim within ten days after receiving notice of the claim. If the creditor notifies the Clerk that it does not plan to contest the claim, the District Court will dissolve the garnishment writ and release any property seized pursuant to it. However, if the judgment creditor does nothing within the ten-day period, the judgment debtor must file a motion to dissolve the garnishment and release the property.[6] This motion may be set for hearing on any

---

**5.** Conradi's Letter Brief to the Court, dated December 20, 1984; p. 2.

**6.** The "Notice to Defendant" erroneously suggests to the debtor that if the creditor fails to

contest the claim, the garnishment will be dissolved and the debtor's property released without any further action by the debtor.

Wednesday or Thursday on which the Court is open, provided that the judgment creditor is given at least five days actual written notice or eight days notice by mail (excluding intermediate Saturdays, Sundays, and legal holidays).

If the judgment creditor files a contest within the allotted time in District Court and does not schedule a hearing on the contest, the judgment debtor may schedule a hearing at 2:00 P.M. on any weekday on which the Court is open, provided that the judgment creditor is given at least five days actual written notice or eight days notice by mail (excluding intermediate Saturdays, Sundays, and legal holidays). In the circuit court, such hearing may be scheduled on the Wednesday or Thursday following such notice.

In the Circuit Court, if the judgment creditor fails to timely contest the claim, the judgment debtor must file a motion to dissolve the writ and release the property; this motion may be scheduled no earlier than the Wednesday or Thursday morning five days after written actual notice to the judgment creditor or eight days after notice by mail.

If neither party schedules a hearing in the District Court after a contest is filed, the district court will set a hearing. No specific time frame governs the setting of such hearing by the Court.

In the Circuit Court, if oral testimony is desired in a contest of a claim of exemptions, the hearing will be rescheduled to a later date. The case is thereafter considered a preferred case, and it is set as soon as the parties notify the Court that they are prepared to go forward.

These are the only established procedures in Jefferson County for the dissolution of a writ of garnishment and release of the property of a judgment debtor. The filing of a claim of exemptions does not stay the effect of a garnishment writ.

The Court infers that defendant Conradi and the Jefferson County district court clerk implemented the practice of sending to judgment debtors the above-described notice of exemption rights *only* in response to the Court's partial summary judgment for the plaintiff class on the constitutionality of Alabama's garnishment scheme; they are free, in the absence of such judgment, to resort to the former practice of not providing any such notice.

■ In *Finberg v. Sullivan*, 634 F.2d 50 (3rd Cir.1980), the Third Circuit noted that

In a case involving an attempt to garnish an individual's bank account, notice that informs the debtor of the exemption under federal law for social security benefits, of the $300 exemption under Pennsylvania law, and of the procedure for claiming these exemptions would provide substantial protection to the debtor's interest in having funds available for basic necessities. Knowledge of these exemptions is not widespread, and a judgment debtor may not be able to consult a lawyer before the freeze on a bank account begins to cause serious hardships.

. . . .

The conveyance of this information would not place a great burden on the state.... The creditor would not have to incur any additional expense or delay.

634 F.2d 62. The circuit squarely held that the failure to provide such information constituted a violation of the due process clause of the Fourteenth Amendment. Federal district courts considering the issue have generally agreed. *Clay v. Fisher*, 584 F.Supp. 730 (S.D.Ohio 1984); *Dionne v. Bonley*, 583 F.Supp. 307 (D.R.I. 1984); *Harris v. Bailey*, 574 F.Supp. 966 (W.D.Va.1983); *Dreary v. Guardian Loan Co., Inc.*, 534 F.Supp. 1178 (S.D.N.Y.1982); *Betts v. Tom*, 431 F.Supp. 1369 (D.Haw. 1977). This Court adopts the reasoning of those decisions.

The issue presented in this case is very much akin to that involved in *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1977), in which the United States Supreme Court held that due process requires a public utility, in terminating service to customers, to notify such customers of the availability

of a procedure for contesting the proposed termination.

Defendant Conradi premises her position largely on *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355 (5th Cir.1976), a case which preceded *Memphis Light, supra*, and which is, in any event, inapposite to the issue in this case.

In *Brown, supra*, the circuit found no constitutional infirmity in the Florida scheme which authorizes post judgment garnishment of an individual's wages without first providing *notice of the garnishment* and an opportunity for a hearing on entitlement to exemptions. *Id.*, at 1362. Here, the plaintiff class does not contend that it is entitled to notice and hearing *prior* to the issuance of a writ of garnishment; instead it asserts that it is entitled to *notice of exemption rights* contemporaneously with the issuance of the writ and an opportunity to be heard on exemption claims reasonably promptly after the attachment of property pursuant to the garnishment writ.

Further, "the most significant factor" in the circuit's validation of the Florida scheme "... is the apparent availability of prompt judicial determination of the debtor's claim of exemption." *Id.*, at 1368. The court pointed out that the judgment debtor claimed his exemption on the same day that the writ of garnishment was served on her employer; that the judgment creditor had *only two days* under Florida law within which to contest the claim (actually the creditor filed his contest on the next day after the claim was filed); a hearing on the claim was held and the writ of garnishment dissolved—all within two weeks after the writ of garnishment was issued.

By way of contrast, a judgment creditor has ten days under Alabama law to contest a claim of exemptions. In Jefferson County, scheduling of a hearing on a contest must await at least another week; and even longer in Circuit Court if either party desires to present testimony. In the instant case, five weeks elapsed between the freezing of plaintiff's bank account and a hearing on the dissolution of the garnishment writ.

More important is the consideration that the issue of the judgment debtor's knowledge of his right to claim exemptions was not presented in *Brown*. In fact, the judgment debtor there obviously knew of his exemption rights, as attested by the fact that the exemption was claimed on the same day as the garnishment writ was served on him. In this case, the representative plaintiff did not learn of her exemption rights until nine days after the garnishment writ had issued. Based on the interrogatory answers on file, the Court finds that most judgment debtors in Alabama are unaware of the availability of exemptions.

The Court concludes that the statutory garnishment scheme, as applied in Jefferson County, Alabama, is unconstitutional. Therefore, the defendant Conradi shall be subjected to the terms of the Consent Decree.[7]

By separate order, the Consent Decree shall be APPROVED and entered, as modified herein; the defendant class of state court judges shall be DE–CERTIFIED and the action DISMISSED as to defendant the Honorable Jeri Blankenship, as Judge of the District Court of Madison County, Alabama.

## FINAL DECREE AND INJUNCTION

Based on the accompanying Memorandum of Opinion, and the finding by the Court that the proposed consent decree, as modified, is fair, adequate and reasonable, it is hereby ORDERED, ADJUDGED DECREED and DECLARED as follows:

---

7. Since this is a Rule 23(b)(2) action, the defendant Conradi may not opt out of the defendant class where, as here, there is a conspicuous absence of a showing of inadequacy of representation. *United States v. United States Steel Corp.*, 520 F.2d 1043, 1057 (5th Cir.1975); *Kincade v. Gen. Tire and Rubber Co.*, 635 F.2d 501, 507 (5th Cir.1981); *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1152–1160 (11th Cir.1983).

1. That due process of law, as embodied in the Fourteenth Amendment to the United States Constitution, requires the following:

(a) that contemporaneously with the service of a writ of garnishment on a garnishee, judgment debtors must be served with written notice of their basic exemption rights under State and Federal law and of the proper procedure for asserting or claiming those exemption rights;

(b) that a writ of garnishment must be dismissed, and so much of the judgment debtor's wages, money or other assets withheld or attached pursuant thereto which have been claimed as exempt released to the judgment debtor, within 15 calendar days after the judgment debtor files a claim of exemptions with the Clerk issuing the writ of garnishment if no contest of said claim of exemptions has been timely filed by the judgment creditor after notice of the filing of said claim of exemptions, and

(c) that if a timely contest of a claim of exemptions is filed, the hearing before an appropriate judicial officer to determine said contest must be initially scheduled within 7 calendar days (or the next business day thereafter if the Court is not open on the said seventh day) after said contest is filed with the Clerk issuing the writ of garnishment.

2. On and after 30 days following the entry of this FINAL DECREE and INJUNCTION, the defendant BILLY D. HARBIN, individually and as the Clerk of the District Court of Madison County, Alabama; POLLY D. CONRADI, individually and as Clerk of the Circuit Court of Jefferson County, Alabama; and ALL OTHER DISTRICT CLERKS and CIRCUIT CLERKS in the State of Alabama; their successors in office, their agents, servants, and employees, and those persons in active concert or participation with them who receive actual notice of this injunction by personal service or otherwise, ARE hereby ENJOINED from the issuance or processing of any writ of garnishment (except to collect child or spousal support), unless and until:

(a) judgment debtors, contemporaneously with the service of a writ of garnishment on the garnishee, are served with a notice of exemption rights and of the procedure for claiming or asserting such rights which is no less informative and accurate in content than that which is attached hereto as Exhibit A and incorporated herein by reference, and

(b) the requirements of due process set forth in Paragraph 1, above, have been provided for by statute, rules of statewide application adopted by the Supreme Court of Alabama, or local written administrative orders.

3. Notwithstanding the foregoing, the injunction provided for in the preceding subparagraph 2(a) shall automatically be dissolved and of no force and effect upon enactment of legislation or the adoption of rules by the Supreme Court of Alabama prescribing a form of written notice to judgment debtors of their basic exemption rights under State and Federal law and of the proper procedure for claiming or asserting such rights, required to be used throughout the State of Alabama in connection with writs of garnishment; but nothing contained in this Paragraph 3 shall in any way preclude any individual from challenging the legal sufficiency of any such form of notice prescribed by legislation or rule of the Supreme Court of Alabama in another action in State or Federal Court.

4. The injunction provided for in subparagraph 2(b), above, shall automatically be dissolved and of no force and effect upon the enactment of legislation or the adoption of rules by the Supreme Court of Alabama prescribing procedures required to be used throughout the State of Alabama for the dissolution of writs of garnishment and release to the judgment debtor of wages, money or other assets withheld pursuant thereto, and the scheduling of a hearing on a timely filed contest of a claim of exemptions, within time periods no longer than those set forth in Paragraph 1, above; but nothing contained in this Para-

graph 4 shall in any way preclude any individual from challenging the legal sufficiency of any such procedures prescribed by legislation or rule of the Supreme Court of Alabama in another action in State of Federal Court.

5. This Court will not consider any petition or application for relief with regard to any alleged violation of or non-compliance with this FINAL DECREE AND INJUNCTION, except upon the written certification of the petitioning party or their counsel that at least 30 days have elapsed since written notification of the details of the alleged violation or non-compliance was provided to the individual against whom an adjudication of contempt or similar relief is sought, without any resolution satisfactory to the petitioning party.

6. Within 10 days following entry of this FINAL DECREE AND INJUNCTION defendants shall cause to be transmitted a copy of this FINAL DECREE AND INJUNCTION, including Exhibit A hereto, to each and every District and Circuit Court Clerk in the State of Alabama.

The costs of this action, including the cost of the transcript of the hearing on objections to the Proposed Consent Decree are hereby taxed against defendant and intervenor, in their official capacities, for which execution shall issue.

### EXHIBIT A

### NOTICE TO DEFENDANT

#### YOUR RIGHT TO KEEP WAGES, MONEY AND OTHER PROPERTY FROM BEING GARNISHED

The Process of Garnishment delivered to you with this Notice means that wages, money or other property belonging to you has been garnished in order to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO GET YOUR MONEY OR PROPERTY BACK, SO READ THIS NOTICE CAREFULLY.

State and Federal laws say that certain money and property may not be taken to pay certain types of court judgments.

Such money or property is said to be "exempt" from garnishment. In addition to the exempt portion of your wages or salary indicated on the Process of Garnishment, the following, for example, are also exempt from garnishment:

(1) Social Security; SSI; Veteran's benefits; AFDC (Welfare); unemployment; worker's compensation;

(2) Up to $3,000 in other personal property, including money, bank accounts, automobiles, appliances, furniture, etc.

IN ADDITION, if the amount of your wages which *is* ordinarily subject to garnishment, when added to the value of all your other personal property, is not more than $3,000, you may be able to claim all of your wages or salary as exempt.

CAUTION: THESE PARTICULAR EXEMPTION RIGHTS DON'T APPLY IN EVERY CASE, SO YOU SHOULD SEE A LAWYER FOR ADVICE.

TO KEEP YOUR WAGES, MONEY AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU MUST PREPARE A "CLAIM OF EXEMPTIONS" FORM LISTING ALL YOUR WAGES AND PERSONAL PROPERTY, HAVE IT NOTARIZED, AND FILE THE FORM WITH THE CLERK'S OFFICE. YOU MUST ALSO MAIL OR DELIVER A COPY TO THE PLAINTIFF. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE YOU SHOULD SEE A LAWYER.

The Plaintiff will have approximately 10 days to file a "contest" to dispute your Claim of Exemptions. If the Plaintiff does file a contest, a court hearing will be scheduled and you will be notified of the time and date of the hearing. If the Plaintiff fails to file a contest, the garnishment will be dismissed and the Court will release your wages, bank account, etc.

YOU SHOULD FILE YOUR CLAIM OF EXEMPTIONS FORM IMMEDIATELY TO KEEP YOUR WAGES, MONEY OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. IF YOU

HAVE ANY QUESTIONS, YOU SHOULD SEE A LAWYER. IF YOU CAN'T AFFORD A LAWYER, CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.