**Rosemary DAVIS on Behalf of Herself and All Others Similarly Situated, Plaintiff,**

v.

**Marjorie PASCHALL, Individually and in Her Official Capacity as Circuit Clerk of Jefferson County, on Behalf of Herself and all others Similarly Situated; and Michael Motor Company, Inc., Defendants.**

**No. PB C 85 378.**

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

July 29, 1986.

Griffin J. Stockley, Central Arkansas Legal Services, Pine Bluff, Ark., for plaintiff.

Wayne Matthews, Prosecutor by Steven Dalrymple, Deputy, Pros. Atty's Office, Pine Bluff, Ark., for Marjorie Paschall.

Terry Wynne, Bridges, Young, Matthews, Holmes & Drake, Pine Bluff, Ark., for Michael Motor Co.

## MEMORANDUM AND ORDER

OVERTON, District Judge.

Before the court is plaintiff's motion for summary judgment.

This suit involves a challenge to the constitutionality of Arkansas' postjudgment garnishment statutes, Ark.Stat.Ann. § 31–501, *et seq.* (Repl.1962). Plaintiff makes class action allegations that the class she seeks to represent is composed of all judgment debtors in the State of Arkansas who may now or in the future be exempt from garnishment or entitled to claim state and/or federal exemptions. Plaintiff also seeks to have the defendants certified as a class composed of all officials in the State of Arkansas authorized to issue writs of garnishment.

The following facts appear to be undisputed by the parties:

Plaintiff, Rosemary Davis, is a judgment debtor of defendant Michael Motor Company, Inc. (Michael Motor). Ms. Davis is a low-income person who is the sole support of herself and her children. Defendant Marjorie Paschall is the Circuit Clerk of Jefferson County, Arkansas, and has among her duties and responsibilities, issuance of postjudgment writs of garnishment.

On or about September 24, 1979, defendant Michael Motor obtained a default judgment against plaintiff in the Circuit Court of Jefferson County in the case of *Michael Motor Company, Inc. v. Davis,* Jefferson County Circuit Court No. 79–294–1. On May 22, 1985, pursuant to Ark.Stat.Ann. § 31–501, *et seq.* (Repl.1962), and acting under color of state law, defendant Paschall issued a writ of garnishment at the

request of Michael Motor which was served on Ms. Davis' employer, Holiday Inns. On the following dates Holiday Inns (garnishee in the state court action) paid into the registry of Jefferson County Circuit Court, the following wages owed to Ms. Davis: May 29, 1985—$51.50; June 12, 1985—$31.01; July 15, 1985—$84.00; again on July 15, 1985—$55.70. The payments were made without notice to or the written consent of Ms. Davis. During the time period set out above, plaintiff's disposable weekly wages were exempt under federal law as they were less than the amount permitted to be garnished pursuant to 15 U.S.C. § 1673 (1982). The writ of garnishment makes no mention of any federal or state statutory exemptions.

Plaintiff claims Ark.Stat.Ann. § 31–501, *et seq.* (Repl.1962) denies her due process of law insofar as they permit a post-judgment taking of property without notice and a prompt hearing for the purpose of allowing the judgment debtor the opportunity to claim exemptions. Ms. Davis also alleges that the garnishment statutes conflict with 15 U.S.C. § 1673 (1982) which prescribes the amount of wages which may be garnished and thus are in violation of the supremacy clause, U.S. Const. Art. VI, cl. 2.

Defendant Paschall filed a response admitting the facts as alleged by plaintiff, but denying the unconstitutionality of the garnishment procedure. Ms. Paschall also stated in her response that she stood prepared to comply with this court's findings and conclusions in the event the existing procedures were found to be inadequate to comply with due process. Defendant Michael Motors also admitted the allegations of fact and stated that it had tendered to plaintiff the sum of $222.23, the amount plaintiff alleges was wrongfully withheld from her wages.

The Office of the Attorney General of the State of Arkansas acknowledged compliance with Ark.Stat.Ann. § 34–2510 (Repl.1962) by plaintiff's notice to that office of the lawsuit challenging the constitutionality of the garnishment procedure.

By letter dated April 1, 1986, the Attorney General's Office stated that they did not wish to intervene in the pending action.

Until recently, the question of whether a judgment debtor was entitled to due process in the form of notice and a hearing to consider possible claims of exemptions was assumed to be settled by the decision of the United States Supreme Court in *Endicott Johnson Corp. v. Encyclopedia Press, Inc.,* 266 U.S. 285, 288, 45 S.Ct. 61, 62, 69 L.Ed. 288 (1924):

> The established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have further notice and a hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. Thus, in the absence of a statutory requirement, it is not essential that he be given notice before the issuance of an execution against his tangible property; after the rendition of the judgment he must take "notice of what will follow," no further notice being "necessary to advance justice."

It should be noted that the Supreme Court has signaled that its analysis of due process in debtor-creditor cases has begun to change with the cases of *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); and *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). The holdings of these cases have been succinctly summarized in Note, *Due Process, Postjudgment Garnishment, and "Brutal Need" Exemptions,* 1982 Duke L.J. 192:

> In contrast to the rationale, the holdings of the cases appear consistent. In *Sniadach* and *Fuentes* the Court held that summary-seizure proceedings must provide for notice and a hearing prior to the deprivation of wages or consumer goods.

In *Mitchell* the Court upheld a procedure that lacked these two safeguards but that contained measures both to permit the debtor to correct an erroneous deprivation in a timely manner and to limit the occurrence of wrongful deprivations. In *North Carolina*, the Court struck down a garnishment statute because the statute contained neither notice and hearing provisions nor any surrogate protective measures. Accordingly, the factual holdings of the cases suggest that the prejudgment seizure of an asset is constitutional only if there exists adequate safeguards that limit the occurrence of erroneous deprivations and allow the debtor to correct an erroneous deprivation in a timely manner.

The United States Supreme Court has begun to analyze due process in terms of the requirements of the interests of the various parties as best stated in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976):

Identification of the specific dictates of due process generally requires consideration of three factors: First, the private interest that will be affected by the official action; second, the risk of the erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Recently, in postjudgment garnishment cases, the courts have begun to use this same due process analysis and to consider the same interests the Supreme Court sought to accommodate in the prejudgment seizure cases cited above. In *Finberg v. Sullivan*, 634 F.2d 50 (3rd Cir.1980), recognition was given to the creditor's interest in seeking a quick and inexpensive satisfaction of the debt after having obtained a judgment. However, the Court also noted that the debtor had an interest in retaining exempt property to meet the basic expenditures of life. After having considered both the creditor's and debtor's interest in the garnishment procedure, the Court found the debtor's interest demanded an especially prompt hearing for adjudication of claims of exemptions under the provision of any act of Congress or under any Pennsylvania Act. The Court also found that for notice of the attempted garnishment to be meaningful, that it should inform the judgment debtor of statutory exemptions, basing its reasoning on the Supreme Court decision in *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), that a shut-off notice denied due process because no provision in the notice explained the method for contesting termination. *Finberg* and the following cases held state statutes unconstitutional for not requiring notice and a prompt hearing after garnishment of a judgment debtor: *Dionne v. Bouley*, 583 F.Supp. 307 (D.R.I.1984), *aff'd as modified*, 757 F.2d 1344 (1st Cir.1985); *Deary v. Guardian Loan Co.*, 534 F.Supp. 1178 (S.D.N.Y.1982); *Harris v. Bailey*, 574 F.Supp. 966 (W.D.Va. 1983); *Betts v. Tom*, 431 F.Supp. 1369 (D.Hawaii 1977); *Clay v. Fisher, Inc.*, 584 F.Supp. 730 (S.D.Ohio 1984); and *Green v. Harbin*, 615 F.Supp. 719 (D.C.Ala.1985). In *Brown v. Liberty Loan Corp.*, 539 F.2d 1355 (5th Cir.1976), the Florida garnishment statutes were upheld as constitutional even though they required neither notice to the debtor nor an opportunity for a hearing prior to the garnishment. However, a prompt postseizure hearing was available at which the debtor could present an exemption claim, a provision the Fifth Circuit characterized as "the most significant factor" behind its ruling. *Id.* at 1368.

This court is particularly persuaded by and adopts the reasoning and holding in *Dionne v. Bouley*, 757 F.2d 1344 (1st Cir. 1985). In *Dionne*, the plaintiff's bank account, which contained social security funds exempt from garnishment under 42 U.S.C. § 407, was attached and the funds therein were frozen. Dionne was served with a copy of a summons and complaint as well as a copy of the writ of attachment in

accordance with the Rhode Island law which permitted a "debt on judgment" action against the judgment debtor. The writ of attachment did not warn the debtor of the possibility that some of the property might be exempt nor advise her of any procedure to challenge the attachment. The court agreed with the holdings in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) and *Brown v. Liberty Corp.*, 539 F.2d 1355 (5th Cir.1976) that due process does not require notice or hearing *before* a postjudgment attachment, but held that once the attachment is made, removing the possibility that the debtor will secrete his assets, the debtor must be notified and given a timely opportunity to challenge any sequestration of his property which the law makes unattachable. The court reasoned that this was required because an unlawful attachment of the debtor's exempt property affects the debtor's rights in a way in which the judgment does not, citing *Griffin v. Griffin*, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1945). *Dionne*, 757 F.2d at 1352. The court held that, in order for a postjudgment statute to pass constitutional muster, the debtor must be informed of the attachment and of the availability of a prompt procedure to challenge the attachment, together with the fact, generally stated, that there are certain exemptions under state and federal law which the debtor may be entitled to claim with respect to the attached property. *Id.* at 1354.

The Arkansas statutory procedure for garnishment before and after judgment is set forth in Ark.Stat.Ann. § 31–501, *et seq.* (Repl.1962). The Arkansas Supreme Court has held the Arkansas garnishment procedure unconstitutional and void insofar as it permits *prejudgment* garnishment without notice and a hearing. *G.A.C. Trans-World Acceptance Corp. v. Jaynes Enterprises, Inc.*, 255 Ark. 752, 502 S.W.2d 651 (1973). The procedure set forth in Ark.Stat.Ann. § 31–501 (Repl.1962), whereby a creditor may reach the property of a debtor in the hands of a third party is as follows:

Grounds—In all cases where any plaintiff may begin an action in any court of record, or before any justice of the peace, or may have obtained a judgment before any of such courts, and such plaintiff shall have reason to believe that any other person is indebted to the defendant, or has in his hands or possession goods and chattels, moneys, credits and effects belonging to such defendant, such plaintiff may sue out a writ of garnishment, setting forth such claim, demand or judgment, and commanding the officer charged with the execution thereof to summon the person therein named, as garnishee, to appear at the return day of such writ and answer what goods, chattels, moneys, credits and effects he may have in his hands or possession belonging to such defendant to satisfy said judgment, and answer such further interrogatories as may be exhibited against him; provided, if the garnishment be issued before the judgment, the plaintiff shall give bond in double the amount for which the garnishment is issued, that he will pay the defendant all damages that he may sustain by the wrongful bringing of his suit or the issuing of the garnishment.

The mechanism by which an individual may claim exemptions from garnishment is found at Ark.Stat.Ann. § 30–207 (Repl. 1962) (wages) and Ark.Stat.Ann. § 30–209 (Repl.1962) (constitutional exemptions). These statutes place the burden upon the judgment debtor to prepare a verified schedule of his property and claim exempt property. If, after five days after receiving notice from the judgment debtor, the judgment creditor does not request a hearing to contest the claimed exemptions, the court may return the judgment debtor's exempt wages or property. If the creditor does request a hearing, there is no time limit within which the court must hear it.

■ A review of the Arkansas procedure pertaining to postjudgment garnishment reflects that the statutes do not require notice to the judgment debtor informing him of the garnishment, notice of possible state and federal exemptions, a prompt hearing to permit the judgment debtor to

claim exemptions, an affidavit from the creditor stating that the writ would not cause the attachment of exempt funds, or the posting of a bond to compensate the judgment debtor for injury in case of a wrongful garnishment. Applying the holdings in the recent postjudgment garnishment cases to the Arkansas procedure, it is evident that the Arkansas statutes do not contain sufficient procedural safeguards designed to prevent erroneous seizures to satisfy due process and are unconstitutional as violative of the due process clause of the Fourteenth Amendment.

With respect to the allegation that the Arkansas procedure violates the supremacy clause, the court recognizes that several courts have concluded that the challenged procedures "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," under the test enunciated in *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941). *Dionne v. Bouley*, 583 F.Supp. at 307. Other courts have reached a similar result. *See Finberg v. Sullivan*, 634 F.2d at 62–63; *Harris v. Bailey*, 574 F.Supp. at 972; *Deary v. Guardian Loan Co.*, 534 F.Supp. at 1188–89. However, this court agrees with the reasoning in *Dionne v. Bouley*, 757 F.2d at 1355, that this issue need not be reached in view of the conclusion that the garnishment statutes violate due process.

Class certification of the plaintiffs is unnecessary in this case as the requested injunctive and declaratory relief will inure to the benefit of all of those similarly situated. *Dionne v. Bouley*, 757 F.2d at 1356. Class certification of defendants is likewise unnecessary as it is neither claimed nor contended that plaintiff will be affected by the action of any other official of the State of Arkansas authorized to issue writs of garnishment.

Plaintiff's motion for summary judgment is granted as no genuine issues of fact remain for trial and plaintiff is entitled to judgment as a matter of law. Defendant Marjorie Paschall is enjoined from issuing writs of garnishment which do not comply

with the findings and conclusions in this Memorandum and Order, as Ark.Stat.Ann. § 31–501, *et seq.* (Repl.1962) is unconstitutional as violative of the Fourteenth Amendment to the United States Constitution. Defendant Michael Motor is liable for the amount wrongfully withheld from plaintiff's wages, $222.23, plus interest from the date of the wrongful garnishment to the date defendant tendered the sum to plaintiff.

Plaintiff is entitled to costs and a reasonable attorney's fee incurred in the prosecution of this action. Judgment shall be entered in accordance with this memorandum and order.