**In re Thomas H. McDOUGAL and Ethel McDougal, Debtors.**

**Bankruptcy Nos. FA 83–94 F, FA 83–95 F.**

United States Bankruptcy Court, W.D. Arkansas, Fayetteville Division.

Sept. 5, 1986.

Jill Jacoway, Fayetteville, Ark., Trustee.

Daniel McConnell, Rogers, Ark., for Northwest.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

On January 13, 1986, the trustee in the above-captioned estates filed her objection to the secured status and amount of the claim of Northwest Tire Service, Inc. ("Northwest") to certain insurance proceeds derived from a fire insurance policy from State Farm Fire Insurance owned by debtor Thomas H. McDougal. The trustee contends that Northwest has an unsecured claim in the sum of $11,497.17. It is Northwest's contention that it has a secured claim in the sum of $13,378.90.

On June 28, 1985 Northwest filed the Amended Proof of Claim upon which its claim and its secured status are based. In essence Northwest asserts that the writ of garnishment it filed and served on State Farm Fire Insurance on February 24, 1983 created its lien on the insurance proceeds in question well before either of the above debtors filed bankruptcy in June and July of that year. The writ of garnishment was filed to aid recovery efforts of a judgment debt owed Northwest by Mr. McDougal. As a consequence of its purported lien, Northwest contends that it is entitled to $13,378.90 out of the proceeds held by the trustee from the trustee's suit in which she recovered for the estate the fire insurance policy proceeds.

Based upon the evidence presented, and recent rulings by the district court, the Court holds that the trustee's objection must be sustained.

### Issues

There are two main issues before the Court. One is whether the service of the writ of garnishment on State Farm Fire created a lien for Northwest making it a secured creditor. The second question is whether the claim of Northwest should be approved in the sum of $11,497.17 representing the judgment plus interest till June of 1983 as the trustee argues, or $13,378.90 representing the judgment plus interest till April 19, 1985 as Northwest contends.

### Findings of Fact

1. On May 28, 1982 a consent judgment was entered against Thomas McDougal by the Circuit Court of Benton County, Arkansas, in CIV 823–135–1, in favor of Northwest Tire Service, Inc., in the amount of $10,366.77 with interest thereon at 10% per annum from May 28, 1982.

2. On or about February 1, 1983, the residence of debtor Thomas H. McDougal was destroyed by fire.

3. On February 24, 1983 Northwest served a Writ of Garnishment on State Farm Fire and Casualty Co. ("State Farm Fire"), the company which had insured Mr. McDougal's residence.

4. When the writ was served, State Farm Fire denied liability to Mr. McDougal.

5. In 1983 prior to June 30, 1983 Thomas H. McDougal and Ethel McDougal, debtors, were divorced.

6. On June 30, 1983 debtor Thomas H. McDougal filed his chapter 7 bankruptcy petition.

7. On July 5, 1983 debtor Ethel McDougal filed her chapter 7 bankruptcy petition.

8. On January 11, 1984 the bankruptcy court entered an order for joint administration of the two above-captioned cases.

9. On April 19, 1985 the trustee recovered $32,864.32 for the estate as a judgment against debtor Thomas H. McDougal's insurer, State Farm Fire and Casualty Co.

10. On June 28, 1985 Northwest filed a timely First Amended Proof of Claim, (claim no. 16) alleging to be secured on the basis of its garnishment served on State Farm Fire and Casualty Co. on February 24, 1983.

### Conclusions of Law

Issue A. *Is Northwest a secured creditor?*

■ There is one factor critical to the decision on the issue of the status of Northwest as a secured or unsecured creditor. The crucial factor is that, to support its argument that its claim against the debtors' estates is secured, Northwest relies solely on its contention that service of the writ of garnishment on State Farm Fire on February 24, 1983 gave rise to a lien in favor of Northwest on the insurance proceeds in question.

In bankruptcy proceedings, the effect of a writ of garnishment is determined by the laws of the state in which the writ is issued. *See, e.g., In re Town & Country Color Television, Inc.*, 22 B.R. 421 (Bkrtcy. D.N.M.1982). Judge William R. Overton, District Judge for the Eastern District of Arkansas, has recently held that Arkansas's garnishment statutes violate due process and are, therefore, invalid.[1] *Davis v. Paschall, et al.*, 640 F.Supp. 198 (E.D.Ark. 1986). This Court agrees. Consequently,

inasmuch as the Arkansas garnishment statutes are invalid, no lien could have been created by issuance of a writ under the purported authority of those laws. Accordingly, Northwest's argument must fail and its status is held to be that of an unsecured creditor.[2]

The district court based its decision in *Davis* on the fact that the garnishment statutes fail to provide a procedure for notice to the garnishee before any portion of his wages is garnished. *Id.* Thus, in *Davis* the specific issue was whether the garnishment of wages without notice is violative of due process. *Id.* In the case now pending in this Court, the issue is whether garnishment against other property of the debtors besides wages without notice to him violates due process. Using the same reasoning expressed by the district court in *Davis*, this Court concludes that Ark.Stat.Ann. § 501 is violative of due process because, under section 501, property of the debtor is subject to garnishment without prior notice. *Accord, Id.*

Issue B. *Is Northwest's claim $13,378.90 as contended by Northwest or $11,-497.17 as contended by the trustee?*

■ The claim of Northwest should be approved in the sum of $11,497.17. The Court reaches the decision because, inasmuch as Northwest has been determined to have unsecured status in regard to its claim, Northwest is allowed interest on the judgment on which the claim is based only until June 30, 1983, the date the bankruptcy case of Mr. McDougal was filed. *See,* 11 U.S.C. § 506(b). The consent judgment against Mr. McDougal in favor of Northwest was entered on May 28, 1982 and interest ran thereon at 10% per annum until June 30, 1983. Interest accumulated as follows:

| | |
|---|---|
| Interest from 5/28/82 to 5/28/83 | 1,036.68 |
| Interest from 5/28/83 to 6/30/83 | 93.72 |
| | $ 1,130.40 |

---

1. Arkansas garnishment statutes are found in Ark.Stat.Ann. §§ 31–501, et seq. (Repl.1962).

2. In reaching this decision it is not necessary for this Court to address the question of whether a valid lien could have been created under these facts had the garnishment statutes themselves been valid. Therefore, the Court makes no holding in that regard.

Therefore, the amount of the claim, including principal and interest is $11,497.17, computed as follows:

Principal                  10,366.77
                                1,130.40
                            $11,497.17

### *Summary*

Northwest is an unsecured creditor with a claim in the amount of $11,497.17. The trustee is directed to distribute funds on hand for payment of claims accordingly.

An Order in accordance with this memorandum opinion will be entered.