George R. KENNEDY, Jr., d/b/a Kennedy Well Works
*v.* Butch KELLY

87-364                                                          751 S.W.2d 6

Supreme Court of Arkansas
Opinion delivered June 6, 1988

*Lonnie Paul Gehring*, for appellant.

*Raymond R. Abramson*, for appellee.

DAVID NEWBERN, Justice. This is a garnishment case. The appellant, George R. Kennedy, Jr., obtained a judgment against Robert Nash. Kennedy then filed a garnishment proceeding against the appellee, Butch Kelly, to ascertain and obtain any assets of Nash in Kelly's hands. On February 18, 1986, a default judgment was entered against Kelly because he failed to answer the garnishment process in time. Execution of the judgment against Kelly was delayed while the court considered various post trial motions. On July 29, 1986, the United States District Court for the Eastern District of Arkansas decided *Davis* v. *Paschall*, 640 F. Supp. 198 (E.D. Ark. 1986).

The *Davis* case was completely separate from this one and involved other facts and other parties. There the federal court decided that, because the Arkansas garnishment law, then codified as Ark. Stat. Ann. §§ 31-501 through 31-524 (Repl. 1962 and Supp. 1985), did not provide for notice to the original debtor of garnishment proceedings to collect his debt, it violated the debtor's right to due process of law as prescribed by the Fourteenth Amendment. The judgment against Kelly remained unexecuted, and he filed a "motion for declaratory judgment" in the circuit court asking that the Arkansas garnishment law be declared unconstitutional and the proceedings against him declared void, citing the *Davis* case. The motion was granted.

The parties have argued various procedural points as well as the issue whether the *Davis* decision should have been applied retrospectively to the facts in this case. We find, however, that the case should be decided on another point argued, that is, whether the *Davis* decision did away with the entire Arkansas garnishment procedure or only affected cases in which a debtor complained of lack of notice. We reverse the decision of the circuit court because we agree with the appellant's contention that the federal court's holding was that the garnishment procedure was unconstitutional solely due to lack of notice to the debtor and that a garnishee has no standing to raise that issue.

### 1. The Davis decision

The rationale of the district court's opinion was that a debtor had the right to notice so he could see to it that his property in the hands of another was not being erroneously taken. The primary example used by the court was a taking despite exemption of the property from garnishment under federal law. The portion of the district court's conclusion relevant to this case was: "Defendant Marjorie Paschall [the clerk who had issued the garnishment process] is enjoined from issuing writs of garnishment which do not comply with the findings and conclusions in this Memorandum and Order, as Ark. Stat. Ann. § 31-501, *et seq.* (Repl. 1962) is unconstitutional as violative of the Fourteenth Amendment. . .[640 F. Supp. at 203]."

While the district court used the inexact reference "*et seq.*" to a number of statutes as being unconstitutional, the district court's language preceding the statutory reference shows that the injunction applied only to garnishment proceedings not in compliance with the decision. In other words, the court did not hold unconstitutional the entire Arkansas garnishment scheme. Garnishments giving proper notice to debtors were to be permitted. The district court even entered a subsequent amended consent judgment stating the notice to debtor language necessary to satisfy the Fourteenth Amendment. *Davis* v. *Paschall*, No. PB-C-85-378 (E. D. Ark., Pine Bluff Div. Sept. 10, 1986).

Before concluding this portion of our opinion, we note that the general assembly corrected the constitutional notice deficiency in the garnishment statutes. Ark. Code Ann. § 16-110-402 (1987).

### 2. Standing

As the district court concluded that the garnishment procedure was unconstitutional only as it affected the rights of debtors, it was error for the circuit court, on the basis of the district court's decision, to vacate the default judgment upon the motion of a garnishee. Nash, the debtor, did not raise any question about notice or unconstitutionality. Kelly, the garnishee, had no standing to assert Nash's right to due process. Constitutional rights, including due process guarantees, are personal and may not be asserted by a third party. *Broadrick* v. *Oklahoma*,

413 U.S. 601 (1973); *Ford Motor Credit Co.* v. *Rogers*, 285 Ark. 65, 685 S.W.2d 145 (1985). There is a narrow exception to the rule for cases in which the issue would not otherwise be susceptible of judicial review and it appears that the third party is sufficiently interested in the outcome that the interest of the party whose constitutional rights were allegedly deprived would be adequately represented. *Eisenstadt* v. *Baird*, 405 U.S. 438 (1972); *Cox* v. *Stayton*, 273 Ark. 298, 619 S.W.2d 617 (1981). The exception does not apply here.

■ We have also recognized that a garnishee may not ordinarily plead a defense which concerns the debtor only, with respect to the validity of the garnishment proceedings or the creditor's claim against the debtor. *See Rhode Island Ins. Co.* v. *Boatright*, 186 Ark. 796, 56 S.W.2d 173 (1933).

Reversed and remanded.