Irene Annette WALKER *v.* Richard C. WALKER; Teachers Insurance & Annuity Association

90-52                                        791 S.W.2d 710

Supreme Court of Arkansas
Opinion delivered July 9, 1990
[Rehearing denied September 10, 1990.*]

*Newbern, J., not participating.

*Young & Finley*, by: *James K. Young*, for appellant.

*Rose Law Firm, A Professional Association*, by: *Herbert C. Rule III* and *Stephen N. Joiner*, for appellees.

TOM GLAZE, Justice. Appellant received a judgment of $71,055.00 against her former husband, Richard Walker, in a divorce action. Due to Mr. Walker's employment at a state-supported school, he was eligible to participate in the Teachers Insurance & Annuity Association (TIAA) and College Retirement Equities Fund (CREF) alternate retirement program. Under this program, Mr. Walker obtained deferred annuity contracts issued to him. Walker's TIAA basic annuity contract and CREF basic annuity contract had no cash surrender value and were to begin payment on a set starting date, when the annuitant reached the age of 65, unless changed by the annuitant. While the record is silent as to Mr. Walker's age, he was not receiving any benefits from the annuity contracts at the time of the garnishment. His supplemental retirement contracts from TIAA and CREF, however, provided that at any time before the

annuity starting date, the annuitant may surrender the supplemented contracts for a cash payment equal to the accumulation as of that date.

In an attempt to satisfy her judgment against her former husband, the appellant served a writ of garnishment on TIAA. TIAA, the garnishee, filed a motion to quash the garnishment, alleging among other things that the annuity contracts did not represent goods, chattels or monies belonging to Richard Walker. The appellee-debtor, Mr. Walker, never objected to nor participated in the garnishment proceedings. The trial court granted TIAA's motion to quash the garnishment. Appellant appeals from this ruling raising four points of error. We affirm.

In her first point of error, the appellant argues that the TIAA, as garnishee, has no standing to attack the writ of garnishment. In attacking the garnishment, TIAA presents the following arguments: 1) the debtor (Mr. Walker) was not properly served; 2) the annuity contracts are exempt from garnishment by Ark. Code Ann. §§ 23-79-134(a) and 24-7-715(a) (1987); and 3) TIAA has no funds belonging to Mr. Walker at the time of the garnishment. Clearly in this situation, TIAA, as garnishee, has no standing to argue lack of notice to the debtor. In *Kennedy* v. *Kelly*, 295 Ark. 678, 751 S.W.2d 6 (1988), we held that, where the debtor did not raise any question about notice or unconstitutionality, the garnishee has no standing to assert the debtor's right to due process. However, just as clearly, TIAA has the right as garnishee to argue that it has no funds belonging to Walker at the time of the garnishment. That leaves the main question of whether TIAA has standing to argue that the annuity contracts are exempt from garnishment under statutory law. We hold that it does.

Section 23-79-134(a) of Ark. Code Ann. in pertinent part provides the following:

> Benefits, rights, privileges, and options under any annuity or variable annuity contract, which are due or prospectively due the annuitant, shall not be subject to execution, attachment, or garnishment, nor shall the annuitant be compelled to exercise the rights, powers, or options under the contract, nor shall creditors be allowed to interfere with or terminate the contract . . . :

Likewise, Ark. Code Ann. § 24-7-715(a) states the following:

> The right of a person to an annuity, to the return of accumulated contributions, the annuity itself, any annuity option, and any other right accrued or accruing under the provision of this act, and all moneys belonging to the system, shall not be subject to execution, garnishment, attachment, . . . and shall be unassignable, except as is specifically provided in this act; . . . .

In her argument, the appellant perceives these statutory provisions as being personal property exemptions as provided for in Ark. Const. art. 9, § 1, and thus they must be raised by the debtor in order to protect his property from garnishment. We do not agree. These provisions are not personal property exemptions that can only be asserted and scheduled by the debtor. Instead, these prohibitions against garnishment can be raised as an affirmative defense by garnishees, such as TIAA. Clearly under these statutory provisions, Mr. Walker's deferred benefits from his annuity contracts were meant to be exempted from garnishment. If we were to prevent TIAA the right to argue these provisions as an affirmative defense, it could face liability for paying out money that is clearly exempted. In addition, by the very nature of an annuity contract, TIAA has an interest in protecting the annuity fund from having to pay out an annuitant's money prematurely.

Since we hold that TIAA had standing to raise Ark. Code Ann. §§ 23-79-134(a) and 24-7-715(a) as an affirmative defense and that those provisions clearly exempt Mr. Walker's annuity contracts from garnishment, we need only to further address the appellant's argument that these provisions are unconstitutional. The appellant argues that these statutory prohibitions against garnishment are unconstitutional because they increase the constitutional property exemption limitation provided in Ark. Const. art. 9, § 1. We disagree.

As we already discussed, the provisions of § 23-79-134(a) and § 24-7-715(a) are not absolute personal exemptions like those contemplated by sections 1 and 2 of article 9 of the Arkansas Constitution. *Cf. W. B. Worthen Co.* v. *Thomas*, 188 Ark. 249, 65 S.W.2d 917 (1933), reversed on other grounds;

*Acree* v. *Whitley*, 136 Ark. 149, 206 S.W. 137 (1918). Instead, these statutes cover annuity contracts generally. As pointed out by TIAA, the premiums remitted on Mr. Walker's annuities are assets of TIAA-CREF, not assets of Walker, and TIAA-CREF has certain obligations to perform according to the contract terms of the annuities. In enacting §§ 23-79-134(a) and 24-7-715(a), the General Assembly merely encouraged these types of annuity contractual relationships by protecting such retirement funds from the claims of creditors. If, however, Mr. Walker's total benefits under the annuities were due and payable and exceeded the exemptions granted to him by law, *e.g.* Ark. Const. art. 9, § 2, a court could order the annuitant to pay to a judgment creditor such portion of the excess benefits as the court found just and proper. *See* § 23-79-134(a)(2). In sum, we reject appellant's argument that these statutory provisions conflict with the personal exemptions provisions provided under Ark. Const. art. 9, § 1.

For the reasons stated above, we affirm.

NEWBERN, J., not participating.