The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72176-8618
Dear Representative Minton:
You have presented the following question for my opinion:
 Can a garnishee refuse to pay a garnishment to a creditor claiming that the employee does not make more than $500.00 in wages per week?
RESPONSE
It is my opinion, as explained more fully below, that a garnishee is entitled to have a court determine whether an employee and particular property are subject to garnishment before being required to garnish an employee's wages. As also explained below, the question of whether a garnishee has standing to raise the issue of the applicability of an exemption will depend upon the particular exemption in question. Moreover, the applicability of any exemption is entirely a question of fact that can only be determined on a case-by-case basis.
Under the statutes governing garnishment procedures, the plaintiff is required to serve upon the garnishee both a notice of the garnishment and a set of interrogatories designed to reveal all amounts in the hands of the garnishee that are payable to the defendant. A.C.A. § 16-110-401
through -403. The garnishee is required to file answers to the interrogatories. A.C.A. § 16-110-404. If the garnishee fails to do so, or if the plaintiff deems the garnishee's answers to be incorrect or insufficient, the garnishee is summoned before the court. A.C.A. §16-110-405; -407. At this hearing, the court will review evidence and testimony from the parties, and will determine all amounts owed by the garnishee to the debtor and the applicability of any exemptions. Id. It is only after the court makes these determinations that the garnishee can be ordered to pay the creditor.
If a particular exemption must be asserted in order to protect the garnishee from liability or to otherwise protect the garnishee's interests, the garnishee has standing to assert the applicability of that exemption. For example, in Walker v. Walker, 303 Ark. 34, 791 S.W.2d 710
(1990), the court held that the garnishee (the holder of an annuity fund) had standing to assert the applicability of the statutory exemption of annuity funds [see A.C.A. § 23-79-134(a) and 24-7-715(a)], because wrongful payment of that fund could subject the garnishee to liability. Moreover, the garnishee had a clear interest in protecting the fund from premature payment.
On the other hand, if an exemption is personal to the debtor (i.e.,
inures only to the benefit of the debtor), the garnishee does not have standing to assert it. For example, in Kennedy v. Kelly, 295 Ark. 678,751 S.W.2d 6 (1988), the court held that the garnishee could not raise the defense that the debtor had not received proper notice of the garnishment proceedings. In this regard, the court stated:
 We have also recognized that a garnishee may not ordinarily plead a defense which concerns the debtor only, with respect to the validity of the garnishment proceedings or the creditor's claim against the debtor. See Rhode Island Ins. Co. v. Boatright, 186 Ark. 796, 56 S.W.2d 173 (1933).
Kennedy, 295 Ark. at 681. The Walker court, supra, appeared to have recognized this principle as well, making reference in dicta to "personal property exemptions that can only be asserted and scheduled by the debtor." Walker, 303 Ark. at 37.
I therefore conclude that if an exemption inures only to the benefit of the debtor, and is not necessary to the protection of the interests of the garnishee, the garnishee does not have standing to raise it. This conclusion is bolstered by the fact that under the statutes governing garnishment procedures, the plaintiff is required to serve upon the debtor a notice of the garnishment, which must include language informing the debtor of his right to claim exemptions. A.C.A. § 16-110-402. The debtor must file a claim with the court, and is entitled to a hearing within eight days, for the purpose of determining the validity of the claimed exemptions. Id. If the garnishee does indeed owe money to the debtor, or holds property belonging to the debtor, the question of whether a debtor's personal exemption is applicable will not impact his responsibility to pay; rather, it will only impact the question of whom he must pay or to whom he must give the property. Moreover, the debtor's decision to claim a personal exemption is optional rather than mandatory. This decision may be a strategic one, influenced by other rights of the debtor that may be impacted by the claim. Accordingly, the decision as to whether to claim a personal exemption should be exercised only by the debtor, and not by any other party. For these reasons, I must conclude that the garnishee does not have standing to assert exemptions that are designed to inure solely to the benefit of the debtor. However, I reiterate that if the assertion of a particular exemption is necessary to the protection of the garnishee's interests, the garnishee does have standing to assert it.
In my opinion, the $500.00 limitation to which you refer is a personal exemption that can be raised only by the debtor. However, I cannot answer in a general fashion your question concerning the applicability of this limitation. That determination must be made on a case-by-case basis. Your reference to this limitation is presumably a reference to the exemption stated in Article 9, § 2 of the Arkansas Constitution. That constitutional provision states:
 The personal property of any resident of this State who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of five hundred dollars in addition to his or her wearing apparel, and that of his or her family, shall be exempt from seizure on attachment, or sale on execution, or other process from any court on debt by contract.
Ark. Cont., Art. 9, § 2.
You also mention A.C.A. § 16-66-208, which states in pertinent part:
 (a)(1) The wages of all laborers and mechanics, not exceeding their wages for sixty (60) days, shall be exempt from seizure by garnishment, or other legal process if the defendant in any case files, with the court from which the process is issued, a sworn statement that the sixty (60) days' wages, claimed to be exempt, is less than the amount exempt to him under the Constitution of the state, and that he does not own sufficient other personal property, which, together with the sixty (60) days' wages would exceed in amount the limits of the constitutional exemption.
 (2) The party in whose favor the garnishment has been issued, and who asserts that a claim of exemption is invalid in whole or in part, by giving five (5) days' written notice to the person claiming the exemption, shall be entitled to a hearing before the court or judge issuing the garnishment upon the question of the validity of the claim of exemption. No supersedeas shall be issued for a period of five (5) days after the claim of exemption is made in order to provide time for the party in whose favor the garnishment has been issued to request such hearing. The notice required by this section shall be served by a person authorized to serve a summons under 16-58-107, and shall be filed in the office of the judge or the clerk issuing the garnishment.
A.C.A. § 16-66-208(a).
With regard to the above-quoted language, read in conjunction with Article 9, § 2, you have specifically raised the issue of whether a person who makes less than $500.00 per week is ever subject to garnishment. It is my opinion that the answer to this question will depend entirely upon the facts of each case. It is certainly possible to construct hypothetical scenarios in which an individual who makes less than $500.00 per week would be subject to garnishment, due to the value of his personal property. It is equally possible to construct hypothetical scenarios in which another individual who makes less than $500.00 per week would not be subject to garnishment.
Only a court, reviewing all of the pertinent facts of a given case, can determine whether any exemptions from garnishment (including those stated in Article 9, § 2, and in A.C.A. § 116-66-208) are applicable.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General