### ACREE v. WHITLEY.

Opinion delivered October 28, 1918.

GARNISHMENT—FRATERNAL BENEFIT SOCIETY.—A fraternal benefit society without capital stock, organized solely for the mutual benefit of its members and their beneficiaries, and not for profit, and having

a lodge system with ritualistic form of government, and making provision for payment of benefits by assessment of its members, is not subject to garnishment under Acts 1917, vol. 2, p. 2087.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley,* Judge; reversed.

### STATEMENT OF FACTS.

Thomas R. Whitley, a minor, having a claim against A. J. Acree for damages for personal injuries alleged to have been sustained by him on account of the negligence of Acree, by his next friend, instituted an action to recover damages against Acree in the circuit court on September 8, 1917. On the same day allegations and interrogatories directed to the Supreme Tribe of Ben Hur were filed. The Supreme Tribe of Ben Hur filed an answer in which it stated that it was a fraternal benefit society organized under the laws of the State of Indiana, and that it had in its possession a sum of money due by it to Acree as the beneficiary in a certificate in his favor. That it was willing and ready to pay said sum to either the plaintiff or the defendant as might be directed by the court.

The facts are, that on September 2, 1917, Jessie Tom Acree, wife of the defendant, A. J. Acree, died. At the time of her death she held a benefit certificate for the sum of $2,000 in the Supreme Tribe of Ben Hur, a fraternal benefit association organized and existing under and by virtue of the laws of the State of Indiana. Her husband was the beneficiary in the policy. On September 5, 1917, Thomas Rhea Whitley, a minor, while riding on a bicycle on Main street of Jonesboro, Arkansas, was struck by an automobile operated by the defendant, A. J. Acree. He claimed that his injuries were sustained on account of the negligence of the defendant in operating his automobile, and recovered judgment against him in the sum of $500. Other facts will be stated in the opinion.

It was ordered and adjudged by the circuit court that the plaintiff recover from the Supreme Tribe of Ben Hur the sum of $500 and all costs herein expended, not ex-

ceeding in the aggregate the sum of $2,000. The case is here on appeal.

*Basil Baker* and *Horace Sloan,* for appellant.

1. The court was without jurisdiction of the subject-matter in that no writ of garnishment was ever issued. 94 Ark. 277; 91 *Id.* 252, 255; 3 *Id.* 509; 4 *Id.* 197; 52 W. Va. 450; 62 L. R. A. 178, 181; Kirby's Digest, §§ 3694-7; 94 Ark. 277.

2. Even in the absence of a statute so providing the benefit due under a certificate of membership in a fraternal beneficiary association is not, prior to payment to a beneficiary, subject to garnishment at the instance of a creditor of the beneficiary. 167 Pa. St. 519; 46 Am. St. 689; 20 Cyc. 997.

3. The contract is governed by the law of Indiana, and by statute is not subject to garnishment. The law of Indiana governs. Acts Ind. 1915, p. 276, § 21; Burns, Ann. Ind. Stat. 1914, § 5055; 94 Va. 146; 36 L. R. A. 272; 64 Am. St. 715; 128 U. S. 195; Kirby's Dig., § 5212. Many States have similar provisions and they are not against public policy. L. R. (1904), 1 Ch. 573; L. R. (1911), 1 Ch. 578, and L. R. (1910), 2 Ch. 502. See also 126 Ark. 14, 18.

4. The law of Indiana forms part of the contract. 29 Cyc. 68, 86; 109 U. S. 527.

5. Fraternal beneficiary societies receive different treatment under the law. The society is a trustee for its members. 19 R. C. L., §§ 3, 4. They are exempt from statutes affecting ordinary insurance companies. K. & C. Dig., §§ 5046, 5065; Kirby's Dig., §§ 4348, 4352; Act March 8, 1915, p. 276, § 6, of Indiana; 89 Md. 624; 73 Am. St. 244; 128 U. S. 195.

6. The Indiana statute is not an exemption law. 113 Ark. 467, 470.

7. Appellant did not waive his right to object to the failure to issue the garnishment. Jurisdiction can not be conferred by consent and objection may be raised

at any time. 90 Ark. 195; 70 *Id.* 346; 88 *Id.* 1; 85 *Id.* 213; 42 *Id.* 126; 39 *Id.* 254; 49 *Id.* 443; 33 *Id.* 31.

8. The Indiana act has been adopted in Arkansas (Acts March 28, 1917, p. 2087). If there were proof that it is unacquired liability, that would not defeat appellants' right. L. R. A. 1915 A, 1201.

9. Exemption laws are liberally construed. 52 Ark. 91; 25 *Id.* 101; 42 *Id.* 503; 64 *Id.* 7, 10; 78 *Id.* 479-81; 100 *Id.* 399, 402.

*H. W. Applegate* and *Lamb & Frierson,* for appellees.

1. The court had jurisdiction. Allegations and interrogatories were duly filed and served and answered by the garnishee. The sufficiency of the writ was not questioned below, if so, amendment would have been permitted. 50 Ark. 444; *Ib.* 446; 47 *Id.* 31; 97 *Id.* 296; 59 *Id.* 215. Appellant is estopped, however, since he conceded that the writ issued and was served. 3 Corp. Jur. 769; 90 Ark. 469; 50 *Id.* 444-6; 47 *Id.* 31; 78 *Id.* 53; 83 *Id.* 575; 75 *Id.* 312; 97 *Id.* 296; 59 *Id.* 215. No rights of third persons are concerned. 20 Cyc. 1057; 12 R. C. L., § 59, p. 826. If any defects existed in the process they were cured by service. 44 L. R. A. (N. S.) 138, and note.

2. In the absence of statute, benefits due the beneficiary are subject to garnishment. 11 R. C. L. 528; 2 Ann. Cas. 91.

3. The Arkansas law and Indiana law are identical. Acts 1917, p. 2087. Appellant has not brought himself within the statute. Acts 1917, § 21, p. 2087. There is absolutely no provision in the book attached to the record, nor in the stipulation nor elsewhere to show that the organization is without capital stock. 55 Atl. 607. Appellant has not shown himself entitled to exemption under our law. 11 R. C. L. 489; 63 Ark. 540.

4. The debt to Whitley resulted from a tort, and an after-acquired indebtedness and not exempt. 139 Pac. 133; L. R. A. 1915 A., 1201.

HART, J., (after stating the facts). In this case the insured died while a member in good standing in a fra-

ternal benefit society, and the company admitted liability on the benefit certificate and was ready to pay the beneficiary the amount thereof. The plaintiff in an action for tort recovered judgment against the beneficiary and sued out a writ of garnishment against the company and had it served before the money was paid by the company to the beneficiary. The circuit court was of the opinion that the fund in the hands of the company was subject to garnishment under the laws of this State regulating garnishment proceedings for the amount of the judgment against the beneficiary. The correctness of the ruling of the circuit court depends upon the validity of an act of the Legislature passed in 1917, pertaining to the regulation and incorporation of fraternal benefit associations. Acts of Arkansas, 1917, vol. 2, p. 2087. Sections 1 and 21 are involved in this appeal. Section 1 reads as follows:

"Any corporation, society, order or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, and having a lodge system with ritualistic form of work and representative form of government, and which shall make provision for the payment of benefits in accordance with section 5 hereof, is hereby declared to be a fraternal benefit society."

Section 21 is as follows:

"No money or other benefit, charity or relief or aid to be paid, provided or rendered by any such society shall be liable to attachment, garnishment or other process, or be seized, taken, appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary, or any other person who may have a right thereunder, either before or after payment."

It may be stated at the outset that section 21 does not relate to the absolute exemption of personal property allowed a resident of this State as exempt from certain debts and liabilities under sections 1 and 2 of article 9 of our Constitution. The reason is, beneficiaries in insurance policies, as well as other persons, are obligated to

pay judgments against them in favor of third persons and exemptions from execution and other process of the court are fixed by the sections of the Constitution above referred to. The statute in question was not enacted for the purpose of allowing beneficiaries exemptions which they are not entitled to under the Constitution and laws of this State, but the act was passed for the purpose of exempting these funds from the operation of our general statutes regulating the issuance of garnishments and proceedings thereunder. It will be observed that the language of section 21 is very broad and comprehensive. The section provides, in effect, that no money provided by the society shall be liable to attachment, garnishment, or other process, or be seized or applied by any legal or equitable process to pay any debt or liability of a member or beneficiary. The statute was evidently passed for the benefit of the society and as well for the members and beneficiaries. By the plain terms of the statute the fund was not subject to garnishment provided the Supreme Tribe of Ben Hur was such a society as is named in section 1 of the act.

It is earnestly insisted by counsel for the plaintiff that there is nothing in the record which brings the society in question here within the provisions of said section 1. In the first place, it may be stated that counsel for the respective parties to this lawsuit stipulated that the garnishee, Supreme Tribe of Ben Hur, is a fraternal beneficial society or organization organized and doing business under and by virtue of the laws of the State of Indiana. One of the articles of its constitution provides that the association shall be operated and carried on for the sole benefit of its members and their beneficiaries and not for profit. It has a constitution and by-laws similar to those adopted by mutual benefit societies. A supreme body and local lodges are provided for. Officers are elected by the members of the society and their duties are provided. The constitution provides that the objects of the order shall be to improve the members thereof socially, morally and intellectually; to aid the members in

business, or in securing employment, and to demonstrate the highest form of brotherly love; to care for the sick and bury the dead and extend aid and comfort to the members of the order and to secure in general for the members such advantages as may be designated by the rules and regulations of the order. The constitution also provides that the association shall have a lodge system and a ritualistic form of work and a representative form of government. It also provides for assessments upon the members for the purpose of establishing and maintaining a fund from which the beneficiaries may be paid. It provides that the members shall be bound by the laws of the supreme governing body and that all the beneficial certificates issued by the Supreme Tribe of Ben Hur shall at all times be subject to such changes, alterations, amendments and modifications as to terms, monthly payments, assessments and conditions of payment as the laws, rules and regulations made from time to time provide and that all the laws, rules and regulations of the order shall become a part of the benefit certificates. These and numerous other provisions of the constitution and rules of the order indicate that the Supreme Tribe of Ben Hur is not a stock corporation, but that it is one without capital stock and is carried on solely for the mutual benefit of its members and beneficiaries.

It is true that there is no direct evidence in the record that it is not a corporation organized for profit, for this question does not seem to have been raised in the trial court. The constitution and rules of the order, however, are in the record. It would unduly extend the opinion to set them out in it, but as above stated a careful consideration of the constitution and rules of the order, together with the excerpts from them stated above, clearly bring the Supreme Tribe of Ben Hur within the provisions of section 1 of the act in question.

It follows that the circuit court erred in holding that the fund in the hands of the garnishee was liable to garnishment under our statute regulating garnishment pro-

ceedings. The judgment will therefore be reversed with directions to the circuit court to dismiss the garnishment proceedings and to direct the Supreme Tribe of Ben Hur to pay the fund to the defendant as the beneficiary named in the benefit certificate.