**In re Kenneth L. HUDSPETH, Debtor.**

**Bankruptcy No. HA 87–02M.**

United States Bankruptcy Court,
W.D. Arkansas,
Harrison Division.

Aug. 22, 1988.

William R. Gibson, Fayetteville, Ark., trustee.

Claude R. Jones, Harrison, Ark., for debtor.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On January 12, 1987, Kenneth L. Hudspeth[1] filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code, and Hon. William R. Gibson was appointed trustee. The debtor claimed the cash surrender value of certain insurance policies in the sum of $6,393 as property exempt from inclusion in the estate pursuant to 11 U.S.C. § 522(b)(2), Ark.Code Ann. § 16–66–209 (1987) and Ark.Code Ann. § 16–66–218(b)(7) (Supp.1987). On March 23, 1987, the trustee filed an objection to this claim of exemption. The parties have submitted the case upon the legal issue of whether the state exemption contained in Ark.Code Ann. § 16–66–209, which exempts the value of all insurance benefits without limitation, is unconstitutional because of the provisions of article 9, § 2 of the Arkansas Constitution.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(B). The Court has jurisdiction to enter a final judgment in the case.

Exemptions are determined by reference to several intertwining provisions of the Bankruptcy Code and state law. Upon the commencement of a bankruptcy case an estate is created which consists of all "legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). *See Samore v. Graham (In re Graham)*, 726 F.2d 1268, 1270–72 (8th Cir.1984); *In re Smith*, 640 F.2d 888, 890–92 (7th Cir.1981); 4 *Collier on Bankruptcy* ¶ 541.06 (15th ed. 1988). Notwithstanding § 541, a debtor may under 11 U.S.C. § 522(b) exempt from inclusion in the estate either:

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable....

Section 522(b)(1) allows a state by affirmative legislative action to disallow the federal exemptions enumerated in 11 U.S.C. § 522(d) from a debtor whose domicile has been located in that state for at least 180 days immediately preceding the filing of the petition. If a state disallows the § 522(d) federal exemptions under § 522(b)(1), a debtor must use § 522(b)(2)(A), which makes property that is "exempt" under state law exempt from inclusion in a debtor's estate. By action of the state legislature in 1981, Arkansas restricted debtors domiciled in this state from electing the federal exemptions.

The exemptions available to bankruptcy debtors in Arkansas are set forth in Ark. Code Ann. § 16–66–218(a) and (b) (Supp. 1987). The exemptions listed in subsection (a) are available only in bankruptcy proceedings while the exemptions listed in subsection (b) apply to bankruptcy and nonbankruptcy proceedings with one exception.[2]

---

1. The petition indicates that the debtor is married although his wife is not a debtor.

2. Ark.Code Ann. § 16–66–218(b)(16), a newly created exemption for individual retirement accounts, is applicable only in bankruptcy.

The exemption at issue is found in Ark. Code Ann. § 16–66–209 and is incorporated in the bankruptcy exemptions through Ark. Code Ann. § 16–66–218(b)(7). Section 16–66–209 provides in pertinent part as follows:

All moneys paid or payable to any resident of this state as the insured or beneficiary designated under any insurance policy ... shall be exempt from liability or seizure under judicial process of any court and shall not be subjected to the payment of any debt by contract or otherwise by any writ, order, judgment, or decree of any court.

The trustee argues that this statute is unconstitutional because it violates Ark. Const. art. 9, § 2, which provides:

The personal property of any resident of this State who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of five hundred dollars in addition to his or her wearing apparel, and that of his or her family, shall be exempt from seizure on attachment, or sale on execution, or other process from any court on debt by contract.

If the Arkansas Constitution in article 9, § 2 limits the legislature from exempting from execution more than $500 in value of personal property for debts arising out of contract, may a statute which exceeds this limitation lawfully create an exemption cognizable under 11 U.S.C. § 522(b)(2)(A) as property exempt under state law and thus exempt from inclusion in a debtor's bankruptcy estate?

Ark.Code Ann. § 16–66–209 withstood a constitutional challenge in 1933 in the case of *W.B. Worthen Co. v. Thomas*, 188 Ark. 249, 65 S.W.2d 917 (1933), *rev'd*, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344 (1934). In that case W.B. Worthen Company obtained a personal judgment against Thomas on August 31, 1932. On March 10, 1933, Worthen caused a writ of garnishment to be issued against Missouri State Insurance Company alleging that the garnishee owed a sum of money to Thomas consisting of the proceeds of a life insurance policy in which Thomas was the named beneficiary.

Subsequent to service of the garnishment, Act 102 of the 1933 Acts of Arkansas became effective. Act of March 16, 1933, No. 102, 1933 Ark.Acts 321 (codified at Ark. Code Ann. § 16–66–209 (1987)). Thomas claimed the insurance proceeds exempt from the garnishment pursuant to Act 102, and the claim was upheld by the circuit court. On appeal to the Arkansas Supreme Court, Worthen argued that the statute impaired the obligation of a contract in violation of U.S. Const. art. I, § 10 and Ark. Const. art. 2, § 17. The validity of the statute was not questioned in *Worthen* based on the provisions of article 9, § 2 of the state constitution. The Arkansas Supreme Court upheld the constitutionality of the statute although the United States Supreme Court reversed this decision by holding that the statute, as retroactively applied, did impair the obligation of a contract in violation of the United States Constitution. *Worthen*, 292 U.S. at 434, 54 S.Ct. at 819. Although the Arkansas Supreme Court in the *Worthen* case did not directly address the issue raised by the trustee in this case, *Worthen* is significant because the opinion quoted extensively from *Acree v. Whitley*, 136 Ark. 149, 206 S.W. 137 (1918), an earlier decision which rejected the argument that a similar exemption statute was invalid because of the restrictions of article 9, § 2 of the state constitution.

In *Acree* the exemption statute (Act of March 28, 1917, No. 462, § 21, 1917 Ark. Acts 2087, 2105) provided as follows:

No money or other benefit, charity or relief or aid to be paid, provided or rendered by any such society shall be liable to attachment, garnishment or other process, or be seized, taken, appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary, or any other person who may have a right thereunder, either before or after payment.

The Arkansas Supreme Court held that this Act was:

not enacted for the purpose of allowing beneficiaries exemptions which they are not entitled to under the Constitution ...

but the act was passed for the purpose of exempting these funds from the operation of our general statutes regulating the issuance of garnishments and proceedings thereunder.

*Acree*, 136 Ark. at 154, 206 S.W. at 138. The debt for which the garnishment was issued in *Acree* arose from a tort judgment and not from an obligation under a contract to which the limitation of article 9, § 2 specifically applies.[3] The Arkansas Supreme Court's conclusions in *Acree* that the statute was only concerned with garnishment proceedings, did not create an absolute exemption and thus was not restricted by article 9, § 2, are not well supported by the relatively unambiguous language contained in the exemption statute. The statute allows an exemption from all legal processes available to collect a debt from a debtor who is unwilling to pay voluntarily and not merely garnishment proceedings. Both the United States Supreme Court and the Arkansas Supreme Court observed that *Acree* was distinguishable from the facts in *Worthen* because Ark.Code Ann. § 16–66–209 had "greater breadth" than the statute construed in *Acree*. *Worthen*, 188 Ark. at 253, 65 S.W.2d at 918; 292 U.S. at 431, 54 S.Ct. at 817. The United States Supreme Court specifically rejected the apparent finding of the Arkansas Supreme Court in *Worthen* that § 16–66–209 was only a limited exemption dealing with the remedy allowed a creditor with an unsatisfied judgment. *Worthen*, 292 U.S. at 431, 54 S.Ct. at 817.

Ark.Code Ann. § 16–66–209 was again challenged in 1988 in the case of *In re Holt*, 84 B.R. 991 (Bankr.W.D.Ark.1988). In that case, Judge Robert F. Fussell of this Court was faced with the identical issue which is present here. Although not expressly declaring Ark.Code Ann. § 16–66–209 unconstitutional, Judge Fussell noted that the statute directly conflicted with article 9, § 2 of the Arkansas Constitution by allowing for an exemption of more than $500 in personal property. Judge Fussell refused to give effect to

Ark.Code Ann. § 16–66–209 for any amount greater than $500. *In re Holt*, 84 B.R. at 1006–07.

The Supreme Court of Minnesota recently held unconstitutional one of its state exemption statutes which exempted from execution all benefits received from fraternal benefit societies and therefore exempted them from inclusion in a debtor's estate pursuant to 11 U.S.C. § 522(b)(2)(A). *In re Tveten*, 402 N.W.2d 551 (Minn.1987) (answering a certified question from the bankruptcy court). The Minnesota court observed that the Minnesota state constitution limited the amount of property which could be exempt from claims of creditors to a "reasonable amount." *Id.* at 556. The Minnesota exemption statute, similar to the Arkansas exemption statute, placed no limit on the value of the benefits which could be exempted. Because of this, the Minnesota Supreme Court held that the legislature acted beyond the limitations set in the state constitution and declared the statute unconstitutional. *Id.* at 558.

11 U.S.C. § 522(b) transforms property "exempt under ... [s]tate law" to property exempt under the bankruptcy laws. The term "exempt" under the Bankruptcy Code means exempt from inclusion in a debtor's estate for purposes of distribution to creditors. *See* 11 U.S.C. § 522(b); 4 *Collier on Bankruptcy* ¶ 541.02[3] (15th ed. 1988). The phrase "exempt under ... [s]tate law" implicitly refers to a valid state law. *See In re Holt*, 84 B.R. at 1003–04. The term "exempt" in state law refers to an exemption from seizure and sale under judicial process. *See Sulcer v. Northwestern Nat'l Ins. Co.*, 263 Ark. 583, 592, 566 S.W.2d 397, 402 (1978) (Fogleman, J., dissenting). *Black's Law Dictionary* 513 (5th ed. 1979), gives as one definition of exemption the following:

A privilege allowed by law to a judgment debtor, by which he may hold property to a certain amount or certain classes of property, free from all liability

---

**3.** There is no state constitutional limitation on what personal property may be declared exempt from execution for a debt arising out of a tort

liability. *See Hill v. Bush*, 192 Ark. 181, 187–88, 90 S.W.2d 490, 494 (1936).

to levy and sale on execution or attachment.

The argument cannot reasonably be made that 11 U.S.C. § 522(b)(2)(A) permits a state legislature to create exemptions in violation of the state's constitution because of the supremacy of federal law over state law in the area of bankruptcy. The language Congress chose does not evidence an intent to override the state law concerning exemptions but to incorporate it into the Bankruptcy Code.

In order to properly test whether an act of the state legislature violates the state constitution, an important distinction between the United States Constitution and any state constitution must be considered. Unlike the United States Constitution, a state constitution does not delegate legislative power but limits it. *See Wells v. Purcell*, 267 Ark. 456, 464, 592 S.W.2d 100, 105 (1979); *Gipson v. Ingram*, 215 Ark. 812, 817, 223 S.W.2d 595, 598 (1949); 16 C.J.S. *Constitutional Law* § 58 (1984).

The Arkansas legislature is not empowered to enact laws which violate the Arkansas constitution any more than it could enact a valid law without complying with the applicable procedures such as approval of a legislative act by the prerequisite number of votes. *See Jones v. State*, 154 Ark. 288, 291, 242 S.W. 377, 378 (1922); *State v. Moore*, 76 Ark. 197, 199–201, 88 S.W. 881, 882 (1905); 16 C.J.S. *Constitutional Law* § 86 (1984). As Judge Fussell stated in *In re Holt*, 84 B.R. at 1006, "It is well established that legislative action cannot override constitutional provisions. *Peugh v. Oliger*, 233 Ark. 281, 285, 345 S.W.2d 610, 613 (1961); *Smith v. Faubus*, 230 Ark. 831, 837, 327 S.W.2d 562, 566 (1959)." The Arkansas Constitution places a specific dollar limitation of $500 on the value of the personal property which may be exempted from execution to satisfy claims of creditors for debts arising out of a contract. Ark.Code Ann. § 16–66–209 allows unlimited value to be declared exempt from execution for all debts and directly conflicts with the constitution.

Federal courts must follow the interpretation of a state's statutes and constitution as announced by the highest court of that state. *Kifer v. Liberty Mutual Ins. Co.*, 777 F.2d 1325, 1329–30 (8th Cir.1985); *Mathis v. Eli Lilly & Co.*, 719 F.2d 134, 141 (6th Cir.1983); *Carlson v. Village of Union City, Michigan*, 601 F.Supp. 801, 806 (W.D.Mich.1985); *In re Mendenhall*, 4 B.R. 127, 130–31 (Bankr.D.Or.1980). The Arkansas Supreme Court did not address the precise issue before this Court in either *Acree* or *Worthen;* therefore, this Court must attempt to determine how the state supreme court would rule if presented with the same question. *Kifer v. Liberty Mutual Ins. Co.*, 777 F.2d at 1329–30.

An act of the legislature is presumed to be constitutional and will not be held unconstitutional unless there is a clear incompatibility between the act and the constitution, with all reasonable doubts resolved in favor of constitutionality. *In re Holt*, 84 B.R. at 1006; *Handy Dan Improvement Center, Inc. v. Adams*, 276 Ark. 268, 270–71, 633 S.W.2d 699, 700 (1982); *Jones v. Mears*, 256 Ark. 825, 828, 510 S.W.2d 857, 859 (1974). In light of the interpretations given to this statute and similar statutes by the Arkansas Supreme Court and the United States Supreme Court and because of the unmistakable incompatibility with the Arkansas Constitution, Ark.Code Ann. § 16–66–209 is determined to be unconstitutional and cannot act to exempt property from inclusion in a debtor's estate pursuant to Ark.Code Ann. § 16–66–218(b)(7) and 11 U.S.C. § 522(b)(2)(A). The trustee's objection is sustained as to the claim of exemption of the cash value of insurance policies.

IT IS SO ORDERED.