**In re G. David WILLIAMS, Debtor.**

**Bankruptcy No. HE 88–04M.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

Oct. 28, 1988.

James C. Luker, Jr., Wynne, Ark., for debtor.

Daniel K. Schieffler, West Helena, Ark., trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On January 11, 1988, G. David Williams filed a voluntary petition for relief under

the provisions of chapter 7 of the United States Bankruptcy Code. Hon. Daniel K. Schieffler was appointed trustee. Pursuant to 11 U.S.C. § 522(b)(2), Ark.Code Ann. § 16–66–209 (1987) and Ark.Code Ann. § 16–66–218(b)(7) (Supp.1987), the debtor claimed the following as exempt from inclusion in his bankruptcy estate:

Proceeds of Uninsured Motorists Coverage

Nationwide Ins. Co., Policy # 63–513744 Proceeds are subject of a suit presently pending between Debtor and Nationwide Insurance Co. in Circuit Court of Columbia County, Cause No. CIV 86–135.

Policy Limits—$300,000

The trustee objected to the exemption, arguing that the exemption of insurance proceeds under Ark.Code Ann. § 16–66–209 was subject to the $500.00 limit on personal property exemptions provided in Ark. Const. art. 9, § 2, and, because the debtor had already claimed $675.00 in other personal property exemptions, the constitutional limit had been reached.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Court has jurisdiction to enter a final judgment in the case.

Ark.Code Ann. § 16–66–209 provides that all proceeds of life, health, accident and disability insurance, without limitation, are exempt from liability or seizure and shall not be subjected to payment of any debt. This state law exemption is made applicable to bankruptcy proceedings through Ark.Code Ann. § 16–66–218(b)(7). Ark. Const. art. 9, § 2 provides that a married person or head of family is entitled to personal property exemptions "not exceeding" $500.00.

The patent conflict between the state constitution and this particular state statute was addressed in two recent decisions: *In re Holt*, 84 B.R. 991 (Bankr.W.D.Ark. 1988), and *In re Hudspeth*, 92 B.R. 827 (Bankr.W.D.Ark.1988). In *Holt*, the Court refused to give effect to Ark.Code Ann. § 16–66–209 for any amount greater than the $500.00 constitutional ceiling, but declined to declare the statute unconstitutional. *In re Holt*, 84 B.R. at 1006–07. In

*Hudspeth*, the Court took the analysis one step further and declared Ark.Code Ann. § 16–66–209 unconstitutional because of the "unmistakable incompatibility" with Ark. Const. art. 9, § 2. *In re Hudspeth*, at 831.

■ An unconstitutional statute is inoperative and is treated as if it had never been passed. *Rodgers v. Mabelvale Extension Rd. Improvement Dist. No. 5*, 103 F.2d 844, 846–47 (8th Cir.1939); *Huffman v. Dawkins*, 273 Ark. 520, 527, 622 S.W.2d 159, 162 (1981). Nevertheless, under certain circumstances, the invalid portion of a statute may be excised, and the valid portion may remain in effect. *Streight v. Ragland*, 280 Ark. 206, 214, 655 S.W.2d 459, 464 (1983); *Borchert v. Scott*, 248 Ark. 1041, 1049–50, 460 S.W.2d 28, 37 (1970). However, Ark.Code Ann. § 16–66–209 violates the state constitution because it exempts all insurance proceeds without limitation. The only way to cure the statute's invalidity would be to add a monetary limit consistent with the state constitution or to amend the constitution itself to revise the $500.00 ceiling. It is not the Court's function to rewrite statutes to make them constitutional. *Cox v. Commissioners of Maynard Fire Improvement Dist. No. 1*, 287 Ark. 173, 175–76, 697 S.W.2d 104, 106 (1985). Therefore, the effect of the Court's decision in *Hudspeth* is to render any exemption provided by Ark.Code Ann. § 16–66–209 unavailable to debtors in bankruptcy.

As an alternative to the constitutionality argument, the trustee argues that uninsured motorist benefits constitute "casualty" insurance under Arkansas law and are thus not covered by Ark.Code Ann. § 16–66–209's exemption of "life, health, accident, and disability" insurance benefits. The Court need not address that argument since the result in this case would be the same whether or not the uninsured motorist benefits were covered by the statute. Whether because of unconstitutionality or inapplicability, the exemption statute has no effect as to the insurance proceeds at issue, and the debtor would have to claim the uninsured motorist benefits under an-

other personal property exemption statute, if available.

The trustee's objection to exemption is, therefore, sustained.

IT IS SO ORDERED.