## In re Walter John GILLER, Jr., Debtor.

### Bankruptcy No. 89–11104M.

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Oct. 24, 1990.

---

**216**

Robert L. Depper, Jr., El Dorado, Ark., for debtor.

Barbara Webb, Little Rock, Ark., for FSLIC.

Jim Hollis, Little Rock, Ark., for U.S. Trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On July 11, 1989, Walter John Giller, Jr., (debtor) filed a voluntary petition for relief under the provisions of chapter 11 of the United States Bankruptcy Code. The debtor claimed the following real property and personal property as exempt pursuant to 11 U.S.C. § 522(b)(2), Ark.Code Ann. § 16-66-218 (Supp.1989), Ark. Const. art. 9, § 1, and Ark.Code Ann. § 4-42-502 (1987):

| | |
|---|---|
| Homestead | $90,000.00 |
| Automobile | 1,200.00 |
| Wedding Bands, Jewelry | 200.00 |
| Personality | 500.00 |
| Tools of Trade | 750.00 |
| Clothing | 1,000.00 |
| IRA, NBC | 9,519.00 |
| Combined Partnership in Oakhurst Apartments, Limited Partnership and G & P Investments | 1,800.00 |

1. The FDIC filed the objection as Manager of the FSLIC Resolution Fund as Receiver for Northlake Federal Savings and Loan, for Twin City Savings, F.S.C., for Alliance Federal Savings and Loan Association, and for Audubon Savings and Loan.

On October 3, 1989, the United States Trustee filed an objection to the debtor's claims of exemption alleging that the amount claimed exceeded the amount of exemptions allowable under Arkansas law. On October 13, 1989, the Federal Deposit Insurance Corporation (FDIC)[1] filed an objection to the debtor's claims of exemption and also alleged that the debtor's exemptions exceeded the amount allowable under Arkansas law. The FDIC specifically objected to the debtor's claim of homestead exemption, the debtor's claims of exemption for personal property and the IRA, and the debtor's claim of exemption for the combined partnership interest. The case was submitted to the Court on written stipulations and briefs.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court has jurisdiction to enter a final judgment in the case.

## I

### HOMESTEAD EXEMPTION

The FDIC argues that the debtor's claim of homestead exemption contains more land than is permitted under Arkansas law. Ark.Code Ann. § 16-66-218 (Supp.1989) provides as follows:

(a) The following property shall be exempt from execution under bankruptcy proceedings pursuant to Public Law 95–598:

. . . .

(b) The exemptions granted in subsection (a) of this section shall be in addition to the present exemptions granted by Arkansas law as listed below:

. . . .

(4) The urban homestead not exceeding one (1) acre of land with improvements thereon, but not to exceed two thousand five hundred dollars ($2,500) in value, but in no event to be less than one-quarter (¼) of an acre of land without regard to

value—Arkansas Constitution, Article 9, § 5.

The parties have stipulated that the debtor is head of household and maintains his principal residence on the property claimed as a homestead exemption. The parties also stipulated that:

This property is located within the corporate city limits of El Dorado and is urban property. This property consists of 43,-000 square feet (which is approximately one acre) of land with a house and other residential improvements on the land. The value of this property exceeds $2,500.00.

Since the property is urban property and exceeds $2,500.00 in value, the one-acre exemption claimed by the debtor exceeds the exemption allowable under Ark. Const. art. 9, § 5. The debtor must select which portion of the one-acre tract he desires to claim as exempt consistent with Arkansas law. *See Price v. Price*, 258 Ark. 363, 371, 527 S.W.2d 322, 327 (1975).

## II

## PERSONAL PROPERTY EXEMPTIONS

The debtor claims the following personal property as exempt from his chapter 11 estate:

| | |
|---|---|
| Automobile | 1,200.00 |
| Wedding Bands, Jewelry | 200.00 |
| Personalty | 500.00 |
| Tools of Trade | 750.00 |
| Clothing | 1,000.00 |
| IRA, NBC | 9,519.00 |
| Combined Partnership in Oakhurst Apartments, Limited Partnership and G & P Investments | 1,800.00 |

Ark.Code Ann. § 16–66–218 provides in relevant part as follows:

(a) The following property shall be exempt from execution under bankruptcy proceedings pursuant to Public Law 95–598:

. . . .

(2) The debtor's interest, not to exceed one thousand two hundred dollars ($1,200) in one (1) motor vehicle;

(3) The debtor's aggregate interest in the debtor's or the debtor's spouse's wedding bands, including diamonds mounted thereon not exceeding one-half (½) carat in weight;

(4) The debtor's aggregate interest, not to exceed seven hundred fifty dollars ($750) in value in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

. . . .

(b) The exemptions granted in subsection (a) of this section shall be in addition to the present exemptions granted by Arkansas law as listed below:

. . . .

(2) The personal property of a married person or head of a family not exceeding a value of five hundred dollars ($500) in addition to such person's wearing apparel—Arkansas Constitution, Article 9, § 2;

. . . .

(16) All contributions made by a debtor to an individual retirement account, as that term is defined for federal income tax purposes and state income tax purposes, for a period exceeding one (1) year prior to the filing of a petition of bankruptcy. However, the maximum amount of individual retirement account contributions that may be claimed under this subdivision shall not exceed twenty thousand dollars ($20,000) for an individual and twenty thousand dollars ($20,000) for a husband and wife combined[.]

■ Both the United States Trustee and the FDIC argue that the debtor's exemptions exceed the $500.00 personalty exemption allowable under Ark. Const. art. 9, § 2. The conflict between the state exemption statutes and the state constitution has previously been addressed by this Court in *In re Hudspeth*, 92 B.R. 827 (Bankr.W.D.Ark. 1988), and by the Eighth Circuit Court of Appeals in *Federal Sav. & Loan Ins. Corp. v. Holt (In re Holt)*, 894 F.2d 1005 (8th Cir.1990), *aff'g* 97 B.R. 997 (W.D.Ark.), *aff'g* 84 B.R. 991 (Bankr.W.D.Ark.1988). In *Hudspeth*, this Court found unconstitutional Ark.Code Ann. § 16–66–209, the statute granting an unlimited exemption for insurance proceeds, because of the "unmistakable incompatibility" with Ark. Const. art. 9, § 2. *Hudspeth*, 92 B.R. at 831. In *Holt*, the Court of Appeals agreed with this

conclusion and held that Ark.Code Ann. § 16–66–209 was "unconstitutional as applied to debtors in bankruptcy because it is in direct conflict with the overriding $500 limitation imposed by article 9, section 2." *Holt*, 894 F.2d at 1008. These decisions have been held to extend to other statutory exemptions. *See In re Thomas*, 1990 WL 300700 No. ED 89–11010M (Bankr.W.D. Ark. Mar. 22, 1990) (workers' compensation award); *In re Clark*, No. FA 88–13F (Bankr.W.D.Ark. Mar. 24, 1989) (IRAs); *In re Williams*, 93 B.R. 181 (Bankr.E.D.Ark. 1988) (uninsured motorist insurance benefits).

For the same reasons stated in *Hudspeth*, this Court finds that Ark.Code Ann. §§ 16–66–218(a)(2)–(4) and 16–66–218(b)(16) violate the state constitution.

An unconstitutional statute is inoperative and is treated as if it had never been passed. *Rodgers v. Mabelvale Extension Rd. Improvement Dist. No. 5*, 103 F.2d 844, 846–47 (8th Cir.1939); *Huffman v. Dawkins*, 273 Ark. 520, 527, 622 S.W.2d 159, 162 (1981). Nevertheless, under certain circumstances, the invalid portion of a statute may be excised, and the valid portion may remain in effect. *Streight v. Ragland*, 280 Ark. 206, 214, 655 S.W.2d 459, 464 (1983); *Borchert v. Scott*, 248 Ark. 1041, 1050–H, 1050–I to –J, 460 S.W.2d 28, 37–38 (1970). However, Ark.Code Ann. §§ 16–66–218(a)(2)–(4) and 16–66–218(b)(16) violate the state constitution because they provide for exemptions which exceed the $500.00 limitation provided for by the Arkansas constitution. It is not the Court's function to rewrite statutes to make them constitutional. *Cox v. Commissioners of Maynard Fire Improvement Dist. No. 1*, 287 Ark. 173, 175–76, 697 S.W.2d 104, 106 (1985). Therefore, for the reasons stated in *Hudspeth*, this Court finds the exemptions provided by Ark.Code Ann. §§ 16–66–218(a)(2)–(4) and 16–66–218(b)(16) are unavailable to debtors in bankruptcy. *See Holt*, 894 F.2d at 1008.

### III

### PARTNERSHIP INTEREST EXEMPTION

The FDIC also argues that the debtor's claim of exemption of the combined partnership interest does not qualify as exempt property. The debtor has relied on Ark.Code Ann. § 4–42–502(2)(c) (1987) to exempt his partnership interest in Oakhurst Apartments, Limited Partnership and G & P Investments. This statute provides that "[a] partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership."

A partner's property rights are defined in Ark.Code Ann. § 4–42–501 to include: "(1) [h]is rights in specific partnership property; (2) [h]is interest in the partnership; and (3) [h]is right to participate in the management." Ark.Code Ann. § 4–42–502(2)(c) is only applicable to the first right, a partner's property rights in specific partnership assets. *See Arnold Barber & Beauty Supply Co. v. Provance*, 221 Ark. 385, 387, 253 S.W.2d 367, 368 (1952); *Terral v. Terral*, 212 Ark. 221, 231, 205 S.W.2d 198, 202–03 (1947). The second right, the partner's interest in the partnership, is defined by Ark.Code Ann. § 4–42–503 to be "his share of the profits and surplus, and the same is personal property." *See Zach v. Schulman*, 213 Ark. 122, 126, 210 S.W.2d 124, 127 (1948). The partnership interest is the debtor's personal property, constitutes property of his bankruptcy estate, and can only be exempted under the $500.00 personal property exemption provided in Ark. Const. art. 9, § 2.

### IV

### CONCLUSION

Therefore, the objections to exemptions filed by the United States Trustee and the FDIC are sustained. The debtor shall have twenty days in which to amend his claim of exemptions consistent with this order.

IT IS SO ORDERED.